**FALLS COUNTY, Texas, Appellant,**

**v.**

**PERKINS AND CULLUM, a Partnership, James A. Cullum (Individually, as a Partner of Perkins and Cullum and as Independent Co–Executor of the Estate of Leila Beall Cullum); Landon H. Cullum (Individually, as a Partner of Per-**

kins and Cullum and as Independent Co–Executor of the Estate of Leila Beall Cullum); Charles N. Prothro (Individually and as Independent Executor of the Estate of Lois Perkins, Deceased); Joe N. Prothro; Kathryn P. Yeager; Carol Cullum Allred (Individually and as Independent Co–Executor of the Estate of Leila Beall Cullum); Charles V. Prothro; and Mark H. Prothro, Appellees.

No. 2–89–157–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 24, 1990.

Rehearing Denied Nov. 28, 1990.

Montgomery Law Firm, P.C. and Elton M. Montgomery, Leonard J. Schwartz of Schwartz & Eichelbaum, P.C. (after oral argument), Austin, for appellant.

Morrison & Shelton, and Lonny D. Morrison, Wichita Falls, for appellees.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

OPINION

JOE SPURLOCK, II, Justice.

Appellant filed a suit for declaratory judgment, then moved for a non-suit pursuant to TEX.R.CIV.P. 162. The appellees, Perkins and Cullum, moved for relief under rule 162 to recover attorney's fees. The trial court granted the appellant's request for non-suit but ordered that appellees recover reasonable and necessary attorney's fees and costs of court. Appellant appeals the judgment for attorney's fees and costs.

We affirm.

Appellant, Falls County, brought suit against appellees under the Texas Declaratory Judgments Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.001 et seq. (Vernon 1986). Appellees answered seeking a declaration themselves and requested recovery of reasonable attorney's fees and costs expended in the proceeding. Appellant then non-suited the case on January 12, 1989. The rule governing non-suits provides as follows:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.
>
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

TEX.R.CIV.P. 162.

Appellant's basic argument is that the request for attorney's fees in an answer does not constitute "affirmative relief" as contemplated by rule 162. Appellees counter that their request was brought pursuant to section 37.009 of the Declaratory Judgments Act and is therefore a claim for affirmative relief. The section provides:

> In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.009.

Appellant brings three points of error, arguing that: (1) appellees' pleading did not constitute a counter-claim and/or a cross-action and therefore was not a "pending claim for affirmative relief"; (2) the Texas Declaratory Judgments Act does not provide for appellees to recover attorney's fees in this situation; and (3) appellees had no "pending claim for affirmative relief" recognizable under rule 162.

An issue in this case is whether a request for attorney's fees in an answer is a "claim for affirmative relief." While rule 162 does not create any right to attorney's fees, it is clear that if a claim for affirmative relief is based upon specific statutory authority providing for such recovery, then those fees may be recovered under rule 162. Appellees' request for attorney's fees was made in answer to pleadings under the Declaratory Judgments Act, under which attorney's fees are specifically recoverable. The only complication in this case is that the non-suit was sought prior to any trial proceedings.

■ Rule 162 allows a plaintiff to take a non-suit and provides that "[a]ny dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." The plaintiff's right to non-suit is not questioned in this case. Nevertheless, appellant argues that its exercise of its right to non-suit precluded the trial court's award of attorney's fees to the appellees, arguing that to continue the case to hear the attorney fee testimony hindered the dismissal. The appellant bases this argument on its contention that appellees' request for attorney's fees is not itself a request for affirmative relief.

A "claim for affirmative relief" is not defined in the Texas Rules of Civil Procedure, nor is it defined in case law. However, the Dallas Court of Appeals has recognized that a claim for attorney's fees is a claim for affirmative relief. *See ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504, 514 (Tex.App.—Dallas 1989, writ denied). While the facts and procedural issues of that case are different from the one on appeal, there is no logic to limiting

the holding in *Baldwin* to its facts. *See also Page v. Page,* 780 S.W.2d 1, 3 (Tex. App.—Fort Worth 1989, no writ) (a claim for attorney's fees under the Family Code is a request for affirmative relief); and *see J.C. Hadsell & Co., Inc. v. Allstate Ins. Co.,* 516 S.W.2d 211, 213–14 (Tex.Civ.App. —Texarkana 1974, writ dism'd w.o.j.) (an affirmative claim for attorney's fees in an answer to a garnishment action constituted a counter-claim). We hold that a request for attorney's fees made in a Declaratory Judgments Act case is a claim for affirmative relief authorizing a party to be heard under the provisions of rule 162.

■ Appellant nevertheless contends that the legislature meant for section 37.-009 to be read as authorizing attorney's fees only in cases tried (not dismissed) and resulting in a judgment. We do not agree. Appellant cites no authority for this contention. We note that section 37.009 expressly provides that a court may award costs and reasonable and necessary attorney's fees *"in any proceeding* under this chapter." The statute *does not read* "as a result of any trial occurring or judgment rendered under this chapter...." This section permits the recovery of attorney's fees in the discretion of the trial court (by the use of the word "may") and requires that the attorney's fees be reasonable and necessary and equitable and just. This court has previously upheld the award of attorney's fees following summary judgment. *Ritchie v. City of Fort Worth,* 730 S.W.2d 448, 450 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.).

Appellant also argues that a defendant may not use the Declaratory Judgments Act solely as a predicate for attorney's fees. *See Heritage Life Ins. Co. v. Heritage Group Holding Corp.,* 751 S.W.2d 229, 235–36 (Tex.App.—Dallas 1988, writ denied); *John Chezik Buick v. Friendly Chevrolet,* 749 S.W.2d 591, 594 (Tex.App.— Dallas 1988, writ denied). In those two cases the plaintiffs sued for breach of contract. The defendants counter-claimed under the Declaratory Judgments Act seeking determinations *of the same issues* on which the plaintiff had sued and asking for attor-ney's fees. The Dallas court held in both cases that a declaratory judgment counter-claim will not be recognized *if it presents no new issues* than those sued upon and is brought solely as a declaratory action to recover attorney's fees. *Id.* In the present case, the plaintiff (appellant), not the defendants (appellees), invoked the Declaratory Judgments Act in its pleadings. Only after appellant instigated the declaratory judgments action as the basis for its suit did appellees then request attorney's fees under the same Declaratory Judgments Act. The request was logical and clearly authorized in defense of the main suit. We consider neither *Heritage Life* nor *Chezik Buick* to be controlling authority on this case under appeal, as the facts herein are clearly different from those in the two Dallas cases and call for a different result.

The trial court's discretion in awarding attorney's fees under the Declaratory Judgments Act is broad and will only be reversed if there is a clear showing that such power has been abused. *See Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex. 1985). Further, it is clear that an award of attorney's fees need not be limited to the party first bringing the suit or the declaratory judgment action. *Ritchie,* 730 S.W.2d at 451; *District Judges v. Comm'rs Court of Collin County,* 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (the court upheld an award of attorney's fees to an *unsuccessful* defendant in a declaratory judgment action); and *Contact Products, Inc. v. Dixico, Inc.,* 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ) (attorney's fees recoverable in a counter-claim seeking relief under the Declaratory Judgments Act in an answer to a suit for reformation of a contract). We hold the trial court did not abuse its discretion in awarding appellees' attorney's fees.

■ Although the language of rule 162 does *not create any right* to recover attor-ney's fees, we hold that the recovery of attorney's fees is permissible although a non-suit is granted under the rule even though the request for attorney's fees was made only in answer to a claim based upon

the Declaratory Judgments Act (which does provide for recovery of attorney's fees). Appellant's first, second and third points of error are overruled.

■ Six months after this case was argued orally, appellant sought by supplemental brief to raise a defensive issue that the county is immune from judgment of attorney's fees against it, relying upon *State v. Bodisch*, 775 S.W.2d 73 (Tex.App. —Austin 1989, writ denied). The substance of the argument is that a county may not suffer liability for attorney's fees without a statutory waiver of its immunity by the legislature. This immunity defense was not raised at trial, nor in the motion for new trial, nor in original brief, nor in oral argument. Clearly the county *may be* liable for attorney's fees, especially in declaratory judgments cases. *See Duncan v. Pogue*, 759 S.W.2d 435 (Tex.1988) (per curiam); and *District Judges*, 677 S.W.2d at 746. This court has previously followed the holding of *District Judges* in *Ritchie*, 730 S.W.2d at 451.

Under TEX.R.CIV.P. 94 appellant was required to raise any matter constituting an avoidance or affirmative defense. *Davis v. City of San Antonio*, 752 S.W.2d 518, 519 (Tex.1988). See also *County of El Paso v. Boy's Concessions*, 772 S.W.2d 291, 293 (Tex.App.—El Paso 1989, no writ), where this precise issue of a county's immunity from the payment of attorney's fees was made and the court held the claim of immunity is an affirmative defense, and is waived if not plead or tried. We overrule the "issue" presented and raised for the first time in the second supplemental brief of appellant filed July 18, 1990.

The judgment is affirmed.