TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00557-CV






Thomas Dudley, Appellant



v.



Travis County Sheriff Margo Frasier, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-12012, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 







 Thomas Lee Dudley appeals from the district court's denial of his petition for
declaratory judgment and award of attorney's fees to Travis County Sheriff Margo Frasier. We
will affirm the judgment.


BACKGROUND (1)


 Dudley sought a declaratory judgment that would negate the Sheriff's Office's
decision to deny him access to the Travis County jail. Dudley works for a bail bond company. 
By letter dated September 24, 1998, a corrections officer Major David Balagia barred Dudley
from entering the jail for one year; the officer informed Dudley he could appeal the decision to
Chief Deputy Dan Richards. By letter dated October 19, 1998, Richards affirmed that decision,
stating that Dudley was barred because he was "an offender against the criminal laws of this
state." Richards conceded in the letter that the policy and procedures for allowing access to the
county jail, which were based on standing orders from corrections directors, had not been reduced
to writing. 

 Dudley complained that the decision unfairly deprived him of the ability to make
a living. His lack of access to the jail interfered with his ability to consult with potential clients. 
He also complained that the lack of written standards and procedures prevented him from
determining how those standards applied to him and whether those procedures were fairly applied. 
He requested a permanent injunction preventing Frasier from denying him entry to the Travis
County jail to write bail bonds, and asked for $50,000 in damages.

 The district court rendered a take-nothing judgment against Dudley and awarded
Frasier $22,545 in attorney's fees. The district court found that Dudley was not a licensed bail
bondsman and that he pled nolo contendere to charges of assaulting a woman and violating a
protective order. The district court concluded that these were crimes of moral turpitude. The
district court also concluded that the sheriff was authorized to ensure jail security, that the
methods the sheriff used to assess security risks were rationally related to an interest in
maintaining and ensuring jail safety, and that the sheriff's appellate process was sufficient to
protect Dudley's due process rights. The court found the award of attorney's fees was authorized
by the Uniform Declaratory Judgments Act.



DISCUSSION and CONCLUSION


 Dudley contends by two points of error that the district court erred by awarding
attorney's fees to Frasier and by mischaracterizing his previous offenses. We disagree.

 In response to Dudley's second issue, we stand by our conclusion that assault on
a woman and violation of a protective order shielding a woman are crimes of moral turpitude. 
See Hardeman v. State, 868 S.W.2d 404, 405 (Tex. App.--Austin 1993, pet. dism'd); see also
Ludwig v. State, 969 S.W.2d 22, 30 (Tex. App.--Fort Worth 1998, pet. ref'd).

 Though Dudley asserts in his argument supporting his second issue that no evidence
supports the finding that his offenses involved a woman, we must conclude that sufficient evidence
supports the finding. Because there is no reporter's record or agreed record, we must presume
that sufficient evidence supports the findings of fact and judgment. Schafer v. Conner, 813
S.W.2d 154, 155 (Tex. 1991). We must therefore presume that sufficient evidence supports the
district court's finding that Dudley pled nolo contendere to charges of assault on a woman and
violation of a protective order also involving a woman. (2) We overrule Dudley's second issue.

 By his first issue, Dudley contends that the district court erred by awarding
attorney's fees under the Declaratory Judgments Act because it did not decide the case on any
ground authorized by the Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West
1997). The Act authorizes the award of attorney's fees to any party to a proceeding under the
Act. Id. at 37.009. Relief under the act is available to a person


 whose rights, status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise [who] may have determined any question of
construction or validity arising under the instrument, statute, ordinance, contract,
or franchise and obtain a declaration of rights, status, or other legal relations
thereunder.



Id. at 37.004(a). Dudley alleged in his petition that he was entitled to be a licensed bail
bondsman, that he had not committed a crime of moral turpitude, and that the decision to bar him
from the jail without the statutorily required license-revocation hearing unconstitutionally barred
him from pursuing that livelihood. He requested under the Act a declaration that he could enter
the jail to write bonds in the same manner as other bondsmen, as well as attorney's fees. The
court's findings and conclusions, though using some language of constitutional claims classifying
the offenses as involving moral turpitude, do not cite or overtly construe any statute or municipal
ordinance. Dudley therefore contends that the court was not authorized to award attorney's fees.

 We conclude that the district court did not err by awarding attorney's fees. The
absence of statutory citations in the district court's conclusions of law does not mean that the
proceeding was not "under" the Declaratory Judgment Act. In his petition, Dudley expressly
cited the bond surety licensing statute and requested a declaration that the same rights as a licensed
bond surety provider. Moral turpitude is an issue in this appeal because persons who commit and
are finally convicted of misdemeanors involving moral turpitude are ineligible for licenses as bail
bond sureties. See Tex. Occup. Code Ann. § 1704.153 (West 2000). Though Dudley's lack of
a bond surety license is not disputed in this appeal, his qualification for such a license was
apparently an issue at trial; the fact that the Legislature chooses to deny bond surety licenses to
persons who commit misdemeanors involving moral turpitude is rational to consider when
deciding whom to allow into the jail to work for bail bond sureties. Because the determination
of his right of access involved deciding the meaning of a statutory term, the proceeding below was
under the Act. The court's refusal to make the requested declaration does not mean the case was
outside the Act. The Fort Worth court upheld an award of attorney's fees to a defendant after the
plaintiff nonsuited his request for a declaratory judgment. Falls County v. Perkins & Cullum, 798
S.W.2d 868, 871 (Tex. App.--Fort Worth 1990, no writ). Dudley's request, which went through
a full trial to judgment, presents an even stronger case for an award of attorney's fees.

 Dudley further contends that the district court erred in making its attorney's fee
award because it did not segregate attorney's fees incurred regarding the declaratory judgment
action from those incurred regarding his other claims. (3) Normally, the burden falls on the party
requesting attorney's fees to segregate the fees incurred in connection with a cause of action for
which attorney's fees can be awarded from those incurred in connection with other causes of
action. Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1991). No duty to segregate arises
when the claims for which attorney's fees awarded are so interrelated with other claims arising
out of the same transaction that prosecution or defense of all the claims entails proof or denial of
essentially the same facts. Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 73 (Tex. 1997). 
The absence of a reporter's record requires us to assume that the record supports the judgment. 
Schafer, 813 S.W.2d at 155. We must assume that the record either shows that there was no need
for segregation or that the claimed attorney's fees were sufficiently segregated. Either way, we
resolve the first issue against Dudley.

 We affirm the judgment.






 
 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: April 20, 2000

Do Not Publish
1. Dudley did not request a reporter's record. The background section is thus derived from
the clerk's record and from uncontested factual assertions in the briefs. See Tex. R. App. P.
38.1(f). Dudley also requests that we use the findings of fact as the factual background for the
case.
2. Though not part of the text of his second issue, Dudley argues underneath that heading that
the district court abused its discretion by requesting and accepting the charging instruments for
his crimes after the close of evidence. Even if we accept Dudley's allegation, courts can reopen
evidence and can, at any stage of a proceeding, take judicial notice of facts that are capable of
accurate and ready determination by resort to sources whose accuracy cannot reasonably be
questioned. Tex. R. Evid. 201(b), (c), & (f). We see no abuse of discretion.

 Even if the district court's request were error, we could not determine whether it was
harmful because there is no reporter's record; we have no way of knowing what other evidence
is in the record, and must presume that sufficient evidence supports the findings and judgment. 
See Bryant v. United Shortline Inc. Assur. Services, N.A., 972 S.W.2d 26, 31 (Tex. 1998). 

 Finally, we note that this argument runs counter to Dudley's request that we accept the
findings of fact as the factual background of the case, which requires us to accept the trial court's
finding that the offenses involved a woman.
3. Besides failing to state this complaint in his issues on appeal, Dudley may not have
preserved this error at trial. The party against whom the fees are assessed must object to the
failure to segregate; failure to object waives the complaint on appeal. Green, 951 S.W.2d at 389. 
Bowles v. Reed, 913 S.W.2d 652, 662 (Tex. App.--Waco 1995, writ denied). There is no
indication in the record that Dudley objected to any failure to segregate. This failure is one of
the grounds in Dudley's motion for new trial.



f access involved deciding the meaning of a statutory term, the proceeding below was
under the Act. The court's refusal to make the requested declaration does not mean the case was
outside the Act. The Fort Worth court upheld an award of attorney's fees to a defendant after the
plaintiff nonsuited his request for a declaratory judgment. Falls County v. Perkins & Cullum, 798
S.W.2d 868, 871 (Tex. App.--Fort Worth 1990, no writ). Dudley's request, which went through
a full trial to judgment, presents an even stronger case for an award of attorney's fees.

 Dudley further contends that the district court erred in making its attorney's fee
award because it did not segregate attorney's fees incurred regarding the declaratory judgment
action from those incurred regarding his other claims. (3) Normally, the burden falls on the party
requesting attorney's fees to segregate the fees incurred in connection with a cause of action for
which attorney's fees can be awarded from those incurred in connection with other causes of
action. Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1991). No duty to segregate arises
when the claims for which attorney's fees awarded are so interrelated with other claims arising
out of the same transaction that prosecution or defense of all the claims entails proof or denial of
essentially the same facts. Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 73 (Tex. 1997). 
The absence of a reporter's record requires us to assume that the record supports the judgment. 
Schafer