# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00578-CV

**Jenny Hansson, Appellant**

**v.**

**Time Warner Entertainment Advance/Newhouse Partnership and Time Warner Cable-News 8 Austin, a Division of Time Warner Entertainment Advance/Newhouse Partnership, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. GN-001747, HONORABLE PAUL DAVIS, JUDGE PRESIDING

Appellee Time Warner Entertainment Advance/Newhouse Partnership[1] sued Jenny Hansson claiming that she breached an employment agreement, and Hansson counterclaimed seeking a declaratory judgment. Time Warner moved to nonsuit its claims and the district court, after sustaining Time Warner's special exceptions, struck Hansson's counterclaim and dismissed all claims with prejudice. Hansson appeals contending that, because she raised independent claims for affirmative relief, the district court erred in dismissing her counterclaim. Additionally, she contends that the district court erred in dismissing her counterclaim without providing her an opportunity to amend the claim. We affirm the district court's judgment.

---

[1] Time Warner Cable-News 8 Austin, a Division of Time Warner Entertainment Advance/Newhouse Partnership is also an appellee. We refer to the appellees collectively as "Time Warner."

## BACKGROUND

Time Warner and Hansson executed an employment agreement in which Hansson agreed to work as a videojournalist for News 8 Austin for thirty months. Under the agreement, Hansson could terminate her employment *only* if she (1) gave thirty days' written notice *and* (2) accepted employment with a television station in a top-thirty television market. Approximately ten months into the thirty-month term, Hansson left News 8 Austin after accepting employment with a television station in San Antonio, a station not in a top-thirty market. Time Warner sued Hansson claiming that she breached its employment agreement. Hansson counterclaimed, seeking declarations that (i) Time Warner was seeking to enforce an unenforceable covenant not to compete and (ii) she properly terminated her employment under the agreement and had no further obligation to work for Time Warner. She sought attorneys' fees in connection with this counterclaim.

Time Warner filed special exceptions contending that, though titled a declaratory-judgment action, substantively Hansson's counterclaim was a defense to its claims and that the declaratory-judgment action was an impermissible attempt to recover attorneys' fees. At the hearing on the special exceptions, Time Warner requested a nonsuit of its claims. Hansson argued that, despite Time Warner's intent to nonsuit its claims, because Time Warner could in the future sue her for breach of the agreement if she changed employers before the thirty-month term expired, the court should determine her rights under the agreement. In response, Time Warner stipulated that it would not sue Hansson if she sought future employment. Based on its stipulation and request for a nonsuit of its claims, the district court granted Time Warner's special exceptions, struck Hansson's counterclaim, denied Hansson's request for attorneys' fees, and dismissed all claims with prejudice.

2

## DISCUSSION

Hansson generally contends in her first issue that the district court erred in granting Time Warner's special exceptions and dismissing her counterclaim. In her second and third issues, Hansson asserts that her counterclaim raised two independent claims for affirmative relief.

We review *de novo* a trial court's dismissal of a case on a special exception for failure to state a cause of action. *Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex. App.—Austin 1999, no pet.); *see also Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 288 (Tex. App.—Houston [1st Dist.] 1992, no writ). When reviewing a dismissal based on a special exception, we "accept as true all material factual allegations and all factual statements reasonably inferred from the allegations" in the respondent's pleadings. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994).

If a defendant does not make an independent claim for affirmative relief, a plaintiff has an unqualified and absolute right to nonsuit its claims. Tex. R. Civ. P. 162; *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840-41 (Tex. 1990). To state a claim for affirmative relief, a defensive pleading must assert a cause of action independent of the claims already asserted by the plaintiff; *i.e.*, the defendant could recover benefits, compensation, or relief, even if the plaintiff abandoned its cause of action. *See Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994, writ denied) (citing *BHP Petroleum*, 800 S.W.2d at 841). The facts alleged in the defendant's pleading determine whether the defendant has asserted an independent claim for affirmative relief. *Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 737-38 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (citing *Progressive Ins. Co. v. Hartman*, 788 S.W.2d 424, 426 (Tex. App.—Dallas 1990, no writ)).

3

Restating a defense in the form of a request for a declaratory judgment does not defeat a plaintiff's right to nonsuit. *Newman Oil v. Alkek*, 614 S.W.2d 653, 655 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.). We review whether Hansson's counterclaim established an independent claim for affirmative relief *de novo*. *See Butler Weldments*, 3 S.W.3d at 658; *Sanchez*, 844 S.W.2d at 288.

***Interpretation of the Employment Agreement Provision***

Hansson contends in her second issue that she made an independent claim for affirmative relief by requesting a declaration that the term-of-employment provision Time Warner sought to enforce was an unenforceable covenant not to compete. *See* Tex. Bus. & Com. Code Ann. §§ 15.05, .50 (West Supp. 2002). Hansson argues that her declaratory-judgment action should survive Time Warner's nonsuit because Time Warner could sue her in the future for breach of the agreement if she changed employers before the thirty-month term expired. Time Warner denies that the provision of the employment agreement at issue is a covenant not to compete, asserting that the provision sets out the term of the contract period. Further, Time Warner contends Hansson's claim is moot because it has agreed not to sue Hansson regarding her future employment.

Covenants not to compete are future restrictions that become effective only after termination of employment; they do not operate during the employment term. *See, e.g.*, *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 645-46 n.8 (Tex. 1994) (restriction for one year *after* employment terminated); *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 383 (Tex. 1991) (restricting employment for two years *after* employment termination); *Travel Masters, Inc. v. Star Tours, Inc.*, 827 S.W.2d 830, 831 (Tex. 1991) (same). The provision at issue here sets a term of

4

thirty months for Hansson's employment.[2] It also conditions Hansson's acceptance of other employment during the thirty-month time period by requiring her to give Time Warner thirty days' notice upon receiving an offer from a television station in a top-thirty market. The provision, however, does not restrict Hansson's employment opportunities *after* she leaves Time Warner, and thus cannot be a covenant not to compete. We hold that the district court did not err in striking Hansson's counterclaim regarding a covenant not to compete. Further, because Time Warner nonsuited and stipulated that it would not sue Hansson regarding future employment, there was no need for a declaration regarding the provision. Hansson's second issue is overruled.

### *Attorneys' Fees*

Hansson contends in her third issue that she raised an independent claim for affirmative relief by requesting attorneys' fees resulting from her defense against Time Warner's action to enforce a covenant not to compete. *See* Tex. Bus. & Com. Code Ann. § 15.51 (West Supp. 2002) (permitting recovery of attorneys' fees for defending action to enforce covenant not to compete). She argues that she is entitled to attorneys' fees pursuant to the Uniform Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997) (permitting recovery of attorneys' fees in declaratory-judgment action, regardless of outcome). We review the trial court's decision not to award attorneys' fees under an abuse of discretion standard. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

---

[2] The employment agreement contained a covenant not to compete provision that restricted Hansson from working for another television station in the Austin area for six months after termination of her employment with News 8 Austin. Hansson, however, did not complain about that provision of the agreement.

5

Hansson's request for attorneys' fees is without merit because the provision that Time Warner sought to enforce was a contract provision regarding the term of her employment, not a covenant not to compete. Even assuming Hansson was defending against Time Warner's enforcement of a covenant not to compete, Hansson's declaratory judgment action was mooted when Time Warner stipulated that it would not sue Hansson regarding her future employment. Attorneys' fees under section 15.51 of the Texas Business and Commerce Code were therefore unavailable to Hansson. The district court did not abuse its discretion in denying an award of attorneys' fees under this statute.

Hansson's remaining claim is that her declaratory-judgment counterclaim was a request for attorneys' fees pursuant to the Declaratory Judgment Act. Time Warner asserts the general rule that a defendant may not seek a declaratory judgment simply to recover attorneys' fees. *See HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 639 (Tex. App.—Austin 1992, writ denied) (citing *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 595 (Tex. App.—Dallas 1988, writ denied)). Hansson contends that *Falls County v. Perkins* supports her claim that a request for attorneys' fees is an affirmative claim for relief. *See* 798 S.W.2d 868, 871 (Tex. App.—Fort Worth 1990, no writ). We find the facts in *Falls County* distinguishable from the facts in the case before us. *Falls County* involved a defendant who sought attorneys' fees *in defense* of a plaintiff's declaratory-judgment action. *Id.* The court in *Falls County* explicitly held that the general rule only applies when a defendant files a declaratory-judgment counterclaim that presents no new issues except to recover attorneys' fees. *Id.* The court went on to hold that the rule does not apply when a defendant is defending against a plaintiff's declaratory-judgment action. *Id.* Unlike

6

*Falls County*, Hansson's counterclaim presents no new issues and only asserts a claim for attorneys' fees. We hold that the general rule applies and Hansson is not entitled to maintain a declaratory-judgment action solely to recover attorneys' fees. *See Chezik*, 749 S.W.2d at 594-95. Accordingly, we hold the district court did not abuse its discretion in denying Hansson's request for attorneys' fees under the Uniform Declaratory Judgment Act. We overrule Hansson's third issue.

In conclusion, the district court did not err in granting Time Warner's special exceptions and dismissing Hansson's counterclaim, given that the counterclaim did not raise an independent claim for affirmative relief. *See Butler Weldments*, 3 S.W.3d at 658. Hansson's issues contending that she raised a claim for affirmative relief in her counterclaim are overruled.

### *Opportunity to Amend Pleadings*

Hansson contends in her fourth issue that even if the district court properly granted Time Warner's special exceptions, the court erred by failing to provide Hansson an opportunity to amend her pleadings before dismissing her counterclaim. When a trial court grants a special exception, it must give the respondent an opportunity to amend its pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *Texas Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9-10 (Tex. 1974). However, before a party may complain on appeal that it was improperly denied the opportunity to amend its pleading, it must demonstrate that it requested that opportunity and that the trial court denied the request. Tex. R. App. P. 33.1(a)(1). If there is no ruling in the record, a motion for new trial will preserve error. *Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Although Hansson requested that her counterclaim not be stricken because she had not been given an opportunity to amend, she failed to obtain a ruling

and failed to file a motion for new trial.  Hansson failed to preserve this contention for appellate review.  Tex. R. App. P. 33.1(a)(1).  Hansson's fourth issue is overruled.

**CONCLUSION**

Having overruled Hansson's issues, we affirm the district court's judgment.

_____

—

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   March 21, 2002

Do Not Publish