**Affirmed and Opinion Filed April 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01556-CV

**UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 1000, Appellant**
**V.**
**TEXOMA AREA PARATRANSIT SYSTEMS, INC., Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-10-0917**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

United Food & Commercial Workers Union Local 1000 (the Union) appeals the trial court's summary judgment awarding Texoma Area Paratransit Systems, Inc. (TAPS) declaratory relief and attorney's fees. In four issues, the Union argues the trial court's "final judgment" was signed after the court's plenary power expired; the trial court lacked subject matter jurisdiction and committed reversible error in denying the Union's plea to the jurisdiction and motion to dismiss; the trial court erred in granting TAPS' motion for summary judgment; and the trial court erred in awarding TAPS $115,578.77 in attorney's fees. We affirm the trial court's judgment.

In May 2010, TAPS filed its original petition seeking a declaratory judgment. TAPS alleged the Union had engaged TAPS in collective bargaining negotiations regarding TAPS' employees since March 2010. The petition stated TAPS had advised the Union that TAPS was

forbidden under Texas law from engaging in collective bargaining, and any agreement reached would be in violation of the law and deemed void. The petition sought the following declarations:

> (1) that Plaintiff TAPS, as a rural transit district under the Texas Transportation [sic], is a governmental entity and political subdivision of the State of Texas;
>
> (2) that Plaintiff TAPS, as a governmental entity and political subdivision of the State of Texas, must comply with Texas law, specifically Chapter 617 of the Texas Government Code;
>
> (3) that Plaintiff TAPS, as a governmental entity and political subdivision of the State of Texas, may not enter "into a collective bargaining agreement with a labor organization regarding wages, hours, or conditions of employment of public employees" pursuant to § 617.002(a) of the Texas Government Code, and that any contract entered into in violation of same is void under § 617.002(b) as a matter of law;
>
> (4) that Plaintiff TAPS, as a governmental entity and political subdivision of the State of Texas, cannot be forced to engage in such negotiations as such would be in violation of Texas law.

The petition also sought an award of reasonable attorney's fees under section 37.009 of the Declaratory Judgment Act.

In June 2010, the Union filed with the National Labor Relations Board (the NLRB) a charge that TAPS had engaged in unfair labor practices. Specifically, the Union alleged TAPS had, "[s]ince on or about May 27, 2010 . . . refused to bargain with" the Union. In response to this charge, TAPS filed with the NLRB a letter asserting Texas law explicitly forbids TAPS from engaging in collective bargaining. Further, TAPS objected to the NLRB asserting jurisdiction over the matter because a suit regarding the same issues was then pending in state court and had been pending since before the Union's charge was filed with the NLRB. Thus, TAPS argued, "the NLRB has no jurisdiction over this matter and must dismiss or, at the very least, abate the above-referenced union charge until the state lawsuit has been formally resolved." In support of its argument, TAPS cited *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 748-49

(1983), for the proposition that the NLRB "may not halt the prosecution of a state-court lawsuit, regardless of the plaintiff's motive, unless the suit lacks a reasonable basis in fact or law."

In July 2010, the Union filed an answer containing a general denial and asserting (1) TAPS' claims were preempted by federal law, including the National Labor Relations Act; (2) an action was pending before the NLRB, involving jurisdictional questions; (3) the court lacked personal jurisdiction over the Union; (4) TAPS failed to state "a claim cognizable against" the Union; and (5) TAPS misstated *Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659 (Tex. 2008) in that the court in that case did not make a determination as to whether the prohibition of bargaining applied to DART, but accepted the parties' acquiescence. The Union also requested an award of attorney's fees.

In August 2010, the NLRB issued its ruling dismissing the charge against TAPS because there was insufficient evidence to support the alleged violation; the Union appealed this decision. In January 2011, TAPS filed a traditional motion for summary judgment in which it discussed how the Union had engaged TAPS in collective bargaining in the past before TAPS was made aware of prohibitions under Texas law forbidding such negotiations. TAPS alleged that, after receiving notice from legal counsel and after the expiration of all prior contractual agreements, TAPS advised the Union that TAPS was forbidden from engaging in collective bargaining with a labor organization. The motion alleged the Union was "attempting to force" collective bargaining, necessitating the lawsuit in state court. TAPS reiterated the declarations it sought in the state court proceeding and asserted its entitlement to summary judgment on those claims for declaratory relief. In support of its motion, TAPS similarly renewed its arguments that Chapter 617 of the Texas Government Code prohibited TAPS from collective bargaining.

As to the Union's claim that TAPS' suit was preempted by federal law, TAPS again cited *Bill Johnson's Restaurants* for the proposition that the NLRB does not have jurisdiction over any

–3–

pending state court suit which has a reasonable basis in fact or law. *Bill Johnson's Rests.*, 461 U.S. at 748-49. Further relying on and quoting *Bill Johnson's Restaurants*, at 746-47, TAPS argued that, "[j]ust as the [NLRB] must refrain from deciding genuinely disputed material fact issues with respect to a state suit, it likewise must not deprive a litigant of his right to have genuine state-law legal questions decided by the state judiciary. [The] NLRB should allow such issues to be decided by the state tribunals if there is any realistic chance that the plaintiff's legal theory might be adopted."

To the extent the Union argued the state court lacked personal jurisdiction over it, TAPS pointed out the Union had not filed a special appearance; had filed an answer and general denial constituting a general appearance and subjecting the Union to the jurisdiction of the court for all purposes; and maintained its offices in Grapevine, Texas, where it was served with notice of the suit. On the issue of whether TAPS stated a cognizable claim pursuant to the Texas Declaratory Judgment Act, TAPS identified the justiciable controversy as whether TAPS, as a statutorily defined governmental entity and political subdivision, can be forced to violate Texas law by engaging in collective bargaining. Finally, TAPS asserted it did not misstate the holding in *DART*, 273 S.W.3d at 661-62, where the court held Texas law prohibits a state political subdivision from collective bargaining with public employees, and this prohibition has been held to apply to DART. *Id.* at 661.

In February 2011, the NLRB denied the Union's appeal of the dismissal of the Union's complaint. In a letter, the NLRB stated TAPS is an exempt political subdivision, and the NLRB could not assert jurisdiction over TAPS under section 2(2) of the National Labor Relations Act providing an exemption for political subdivisions "to entities that are either: (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2)

administered by individuals who are responsible to public officials or to the general electorate," citing *NLRB v. Natural Gas Utility District of Hawkins County*, 402 U.S. 600 (1971).

Also in February 2011, the Union filed a plea to the jurisdiction and motion to dismiss in which it argued the real dispute between the parties was whether TAPS "is reached by and had a duty to collectively bargain with" the Union pursuant to the National Labor Relations Act. The Union alleged federal law holds that resolution of this issue is committed to the exclusive jurisdiction of the NLRB and noted the NLRB had ruled in TAPS' favor on the issue. Thus, the Union argued, no justiciable controversy remained for the state court to decide, and the state court was therefore without subject matter jurisdiction over any claim in the lawsuit.

On February 25, 2011, the trial court conducted a hearing on TAPS' motion for summary judgment and the Union's plea to the jurisdiction and motion to dismiss. On March 1, 2011, the trial court signed an order granting TAPS' motion for summary judgment, granting each of TAPS' claims for declaratory relief, and ordering that TAPS recover its "reasonable fees and costs upon proof of same." The next day, the trial court entered an order denying the Union's plea to the jurisdiction and motion to dismiss.

In August 2012, TAPS filed a motion for entry of final judgment supported by affidavits and attorney's records documenting TAPS' claim for $115,578.77 in attorney's fees. The motion also sought a final judgment incorporating the trial court's prior order granting TAPS' motion for summary judgment. In September 2012, the Union filed an amended answer in which it reiterated its prior claims and asserted TAPS' request for attorney's fees and costs was barred by laches. On October 16, 2012, the trial court sent the parties a letter (1) stating the court was of the opinion that TAPS' motion for entry of judgment and motion to strike the Union's amended answer should be granted and (2) awarding TAPS $115,578.77 in attorney's fees.

On November 2, 2012, the Union filed a request for findings of fact and conclusions of law with respect to the trial court's March 2, 2011 order denying the Union's plea to the jurisdiction and motion to dismiss and October 16, 2012 letter awarding TAPS attorney's fees. The union asserted that its request for findings of fact and conclusions of law was proper and necessary because it appeared the court's March 1, 2012 order granting TAPS' motion for summary judgment was not a final judgment. Nevertheless, on November 15, 2012, the Union filed a notice of appeal from the trial court's March 1, 2011 order, March 2, 2011 order, and October 16, 2012 letter.

On November 26, 2012, the trial court signed a final judgment granting TAPS' motion for summary judgment and all of its claims for declaratory relief and awarding TAPS $115,578.77 in attorney's fees and costs. Following the signing of the final judgment, the Grayson County District Clerk sent a "notice of judgment" under seal to each of the parties. On December 13, 2012, the trial court signed a final judgment awarding the same relief as the November 26 judgment and, in addition, awarding attorney's fees and costs on appeal. This appeal followed.

In its first issue, the Union argues the trial court's combined orders of March 1, 2011 and March 2, 2011, combined with the court's October 16, 2012 letter, constitute the final judgment in this case. Thus, the Union argues, the final judgments signed on November 26, 2012 and December 11, 2012 were signed after the trial court's plenary power expired and are a nullity.

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third

party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims. *Id.* An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties. *Id.* An order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the order or even because it awards costs. *Id.* Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable. *Id.* Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. *Id.*

To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case. *Id.* at 205-06. The record may help illumine whether an order is made final by its own language, so that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise. *Id.* at 206.

Here, the record shows the trial court's March 1, 2011 order disposed of only TAPS' claims, and the March 2, 2011 order disposed of only the Union's claims. The issue of TAPS' attorney's fees and costs were addressed in the trial court's October 16, 2012 letter setting an amount of attorney's fees awarded to TAPS. Not until November 26, 2012 did the trial court enter a final judgment incorporating its disposition of the claims of all parties and awarding TAPS its attorney's fees. The same day, the district clerk sent out notice that a final judgment had been entered in the case. We conclude the November 26, 2012 final judgment was the first judgment that clearly indicated the trial court intended the judgment to completely dispose of the entire case. *See id.* at 205. We overrule the Union's first issue.

In its second issue, the Union argues the trial court lacked subject matter jurisdiction and committed reversible error in denying the Union's plea to the jurisdiction and motion to dismiss. Specifically, the Union argues federal labor law preempts TAPS' declaratory judgment claim and no justiciable controversy exists between the parties under Texas law.

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo. *Id.* at 228. A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case. *Id.* The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiff's claims should never be reached. *Id.*

To the extent the Union argues the National Labor Relations Act preempts TAPS' claims, we note the Act excludes from its definition of "employer" any "State or political subdivision thereof." 29 U.S.C. § 152(2) (2010). The NLRB itself stated TAPS is an exempt political subdivision, and the NLRB could not assert jurisdiction over TAPS under section 2(2) of the National Labor Relations Act. The Union also refers to a 13(c) arrangement between the parties that, together with the NLRB ruling in this case, disposed of all the issues between the parties. Section 13(c) of the federal Urban Mass Transit Act of 1964 (the "UMTA", now the Federal Transit Act) conditions a public transportation authority's receipt of federal financial assistance on "arrangements the Secretary of Labor concludes are fair and equitable" to protect "the interests of employees affected by the assistance." *DART v. Amalgamated Transit Union*, 273 S.W.3d 659, 660 (Tex. 2008). Such arrangements "shall include provisions that may be

necessary for . . . the preservation of rights, privileges, and benefits . . . [and] the protection of individual employees against a worsening of their positions related to employment." *Id.* In *DART*, DART and its employees' union operated under a 13(c) arrangement. *Id.* The court, in holding 13(c) did not preempt DART's immunity from suit under state law, noted that Texas law prohibits a state political subdivision from collective bargaining with public employees. *Id.* at 661 (citing TEX. GOV'T CODE ANN. § 617.002(a), (b) (West 2012)). The union in *DART* did not challenge the applicability of section 617.002. *Id.* Thus, *DART* stands for the proposition that a 13(c) arrangement does not preempt the applicability of section 617.002. *See id.* at 660-61. Under these circumstances, we conclude TAPS' declaratory judgment claim was not preempted under federal labor law.

To the extent the Union argues no justiciable controversy exists in this case, we disagree. TAPS sought a declaratory judgment establishing the applicability and effect of section 617.002 of the government code. The Union filed a general denial. A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue. TEX. R. CIV. P. 92. Further, the Union sought its own attorney's fees and costs, which amounted to a claim for affirmative relief. *Falls Cnty. v. Perkins and Cullum*, 798 S.W.2d 868, 871 (Tex. App.—Fort Worth 1990, no writ) (request for attorney's fees in declaratory judgment action is claim for affirmative relief). We conclude a justiciable controversy exists between the parties in this case. The trial court did not err in denying the Union's plea to the jurisdiction and motion to dismiss. *See Miranda*, 133 S.W.3d at 226. We overrule the Union's second issue.

In its third issue, the Union argues the trial court erred in granting TAPS' motion for summary judgment. Specifically, the Union reiterates its arguments that TAPS' declaratory judgment action is preempted by federal labor law and there is no evidence of a live, justiciable

controversy between the parties. We have considered and rejected these arguments, and we need not address them further.

As an additional ground for denying TAPS' motion for summary judgment, the Union relies on the affidavit of Richard Hanna, the Union's vice president. The Union argues Hanna's affidavit "is sufficient to create a triable fact issue as to whether a live, justiciable controversy exists under Texas law that precludes summary judgment in favor of TAPS."

The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49. The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

The Union argues Hanna's affidavit raises a fact issue as to the existence of a justiciable controversy. The affidavit states that TAPS and the Union had engaged in collective bargaining between 1998 and 2010. Hanna states this collective bargaining was "pursuant to the NLRA" and the Union "has never demanded that TAPS collectively bargain with it pursuant to Texas law and the union leadership has never expressed a formal opinion to TAPS or its representatives about what Texas law has to say regarding collective bargaining." Hanna's affidavit describes the Union's attempt to continue collective bargaining under the NLRA, TAPS' filing of the underlying suit, the Union's filing of a charge "with the NLRA [sic]," and the NLRB'S

–10–

determination that TAPS was exempt from the NLRA. The affidavit states the Union "has not made any new or additional demands upon TAPS to collectively bargain since the NLRB issued its final decision that TAPS is exempt from the reach of the NLRA." Finally, the affidavit states the Union "has made no decision as to what action, if any, it will undertake in the future relative to the relationship between it and TAPS."

At best, Hanna's affidavit establishes the Union sought no collective bargaining with TAPS during the pendency of the underlying suit. The affidavit leaves uncertain what action the Union might take in the future regarding collective bargaining. The purpose of declaratory judgments is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2015). We conclude the trial court did not err in granting summary judgment on TAPS' request for declaratory relief. *See id.*; *Nixon*, 690 S.W.2d at 548-49. We overrule the Union's third issue.

In its fourth issue, the Union argues the trial court erred in awarding TAPS $115,578.77 in attorney's fees and in granting TAPS' motion to strike the Union's affirmative defense of Laches in connection with the attorney's fees award.

The declaratory judgments act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles or to rule without supporting evidence. *Id.* Therefore, in reviewing an attorney's fee award under the Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary,

–11–

or when the award was inequitable or unjust.  *Id.*  Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees.  *Id.*

In part, the Union attacks the trial court's award of attorney's fees by arguing the trial court erroneously failed to file findings of fact and conclusions of law, the Union was harmed by this failure, and there is no presumption or implied findings to support the trial court's award of attorney's fees.  Under a discretionary statute, findings of fact and conclusions of law are neither appropriate nor required.  *Keever v. Finlan*, 988 S.W.2d 300, 306 (Tex. App.—Dallas 1999, pet. dism'd).  Because TAPS sought attorney's fees under a statute that makes the award of attorney's fees discretionary, the trial court was not required to file findings of fact and conclusions of law.  *See id.*

The Union also challenges the attorney's fees award on the basis that TAPS' summary judgment motion "presented no specific arguments, analysis or evidence . . . as to any of the required four limiting factors announced in *Bocquet*."  *See Bocquet*, 972 S.W.2d at 21 (attorney's fee award under declaratory judgment act must be reasonable and necessary and equitable and just).  The Union argues the trial court's March 1, 2011 order granting TAPS' motion for summary judgment and granting TAPS its "reasonable fees and costs upon proof of same" is "arbitrary, unreasonable, made without regard to guiding legal principles, and is without supporting evidence."  In making this argument, the Union disregards the evidence of reasonable and necessary attorney's fees presented in TAPS' August 2012 motion for entry of final judgment and at the hearing on that motion.  We have previously discussed the incomplete nature of the relief afforded by the trial court's March 1, 2011 order.  We decline to hold that the trial court's express deferral of a determination of attorney's fees based on proof to be adduced at a later date rendered that award unsupportable because no evidence supported it.

–12–

The Union argues further that the trial court's award of attorney's fees was not equitable and just and the fees were not reasonable and necessary. There are several factors a trial court should consider in determining the amount of reasonable attorney's fees to award. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied). These factors include: the time, labor, and skill required to properly perform the legal service; the novelty and difficulty of the questions involved; the customary fees charged in the local legal community for similar legal services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation and ability of the lawyer performing the services. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Jarvis*, 298 S.W.3d at 318. But a trial court is not required to receive evidence on each of these factors. *Jarvis*, 298 S.W.3d at 318.

The record contains the affidavits of one of TAPS' attorneys and the executive director of the attorney's law firm stating the specific challenges presented by this case and specifying $115,578.77 was a reasonable and necessary fee. The trial judge also conducted a hearing at which he heard evidence concerning the attorney's fees issue. Further, TAPS attached to its motion for entry of final judgment extensive billing records supporting the amount of fees it sought. The Union relies on the affidavit of its attorney in which he states the fees TAPS sought were not reasonable and necessary. The affidavit cites the factors outlined above and, as "reasons" that the fees are not reasonable and necessary, lists six items including (1) failure to exercise billing judgment, (2) inclusion of billing/costs for motions and/or discovery never filed or served, (3) failure to describe services and costs with sufficient particularity, (4) billing for services and costs arising out of the federal administrative proceedings, (5) failure to segregate billing and costs declaratory judgment claims from other claims, and (6) billing for services and costs beyond the preparation of/attendance at items as reflected on the trial court's docket sheet,

a copy of which was attached. We conclude that, because these "reasons" did not provide underlying facts to support the conclusion that the attorney's fees were unreasonable, the affidavit was conclusory and therefore did not raise a fact issue on the question of the reasonableness of the requested attorney's fees. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Further, having reviewed the record, we conclude the trial court did not abuse its discretion in making its award of attorney's fees. *See Bocquet*, 972 S.W.2d at 21.

Regarding the Union's complaint that the trial court erred in granting TAPS' motion to strike its amended answer, rule 166a(c) provides that the trial court should render summary judgment based on the pleadings on file at the time of the hearing. TEX. R. CIV. P. 166a(c). Once the hearing date on the motion for summary judgment has passed, but before the court signs a judgment, a party must obtain a written order from the trial court granting permission to file an amended pleading. *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.—Dallas 2007, no pet.). Here, on February 25, 2011, the trial court conducted a hearing on TAPS' motion for summary judgment. The Union filed its amended motion adding the defense of laches in September 2012. The Union did not seek or obtain a written order from the trial court granting permission to file an amended pleading. We therefore conclude the trial did not err in granting TAPS' motion to strike the Union's amended pleading. *Id.* We overrule the Union's fourth issue.

We affirm the trial court's judgment.

121556F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

UNITED FOOD & COMMERCIAL
WORKERS UNION LOCAL 1000,
Appellant

No. 05-12-01556-CV      V.

TEXOMA AREA PARATRANSIT
SYSTEMS, INC., Appellee

On Appeal from the 59th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV-10-0917.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TEXOMA AREA PARATRANSIT SYSTEMS, INC. recover its costs of this appeal from appellant UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 1000.

Judgment entered this 17th day of April, 2015.