TOWN OF FLOWER MOUND,
Texas, Appellant,

v.

UPPER TRINITY REGIONAL
WATER DISTRICT,
Appellee.

No. 2–05–131–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 27, 2005.

Brown & Hofmeister, L.L.P., Kent S. Hofmeister and Robert F. Brown, Richardson, for appellant.

Eric T. Stahl, Dallas, Boyle & Lowry, L.L.P., John F. Boyle, Jr., Irving, and Vinson & Elkins L.L.P., Ray Hutchison and Gabriela Gallegos, Dallas, for appellee.

Panel A: HOLMAN, GARDNER, and McCOY, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Town of Flower Mound, Texas appeals from the trial court's order deny-

ing its plea to the jurisdiction. Appellant argues that the trial court lacked subject matter jurisdiction over Appellee Upper Trinity Regional Water District's claim for attorney's fees because the attorney's fees claim was not a separate cause of action that could have been asserted independently by Appellee, separate and apart from Appellant's request for declaratory judgment. We affirm.

## PROCEDURAL BACKGROUND

Appellant filed suit against Appellee, seeking a declaratory judgment under chapter 37 of the Texas Civil Practice and Remedies Code, damages for breach of contract, and injunctive relief in connection with the establishment of rates and charges to be paid by Appellant pursuit to its contract with Appellee for wholesale water service (hereinafter referred to as the Flower Mound Lawsuit). As part of its response to Appellant's Chapter 37 claims, Appellee sought affirmative relief for attorney's fees under Texas Civil Practice and Remedies Code section 37.009. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). While the Flower Mound Lawsuit was pending, Appellee filed an independent action seeking the judicial validation of its proposed public securities pursuant to chapter 1205 of the Texas Government Code, the Expedited Declaratory Judgment Act (hereinafter referred to as the District Lawsuit). TEX. GOV'T CODE ANN. §§ 1205.001–.152 (Vernon 2000).

The trial court consolidated the Flower Mound Lawsuit and the District Lawsuit.[1] Appellee filed a motion in the District Lawsuit, requesting that the court require Appellant to post a bond "for any damage or cost that may occur because of the delay caused" by Appellant's opposition to Appellee's request for judicial validation. *See* TEX. GOV'T CODE ANN. § 1205.101(a). The trial court orally granted Appellee's motion and required Appellant to post a security bond of $3,450,000 in order to continue its opposition to the request for judicial validation under Chapter 1205; otherwise, Appellant would be dismissed from the proceedings.[2]

Subsequently, Appellant nonsuited all of its claims for affirmative relief, including the Chapter 37 claim for declaratory relief. Thus, the only issue that remained before the trial court under Chapter 37 was Appellee's affirmative request for reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code section 37.009. The parties orally agreed that the Chapter 1205 claims should be severed from the Chapter 37 claims because Appellant's opposition to the continued litigation over Appellee's request for reasonable and necessary attorney's fees under Chapter 37 would invoke the bond requirement of section 1205.101(a).

On August 31, 2004, the trial court signed an order reciting that Appellant had nonsuited all of its claims in the Flower Mound Lawsuit and the District Lawsuit. The trial court dismissed Appellant's claims without prejudice. On September 2, 2004, the trial court signed a final judgment in the District Lawsuit. Then, on September 16, 2004, Appellee filed a motion to clarify and modify the trial court's September 2, 2004 dismissal order and a

---

1. The trial court never signed an order consolidating the cases, but the clerk's record reflects that the court treated the cases as consolidated, and the parties proceeded as though the cases were consolidated. Additionally, the court later entered an order severing the cases.

2. Although the trial court never signed an order requiring Appellant to post a bond, the parties do not dispute and the reporter's record reflects that the court orally ordered Appellant to post bond.

motion to sever the Chapter 37 claims from the Chapter 1205 claims. On that same day, the trial court signed an order stating that it had previously orally granted a severance of the Chapter 37 claims from the Chapter 1205 claims and had subsequently entered a final judgment on Appellant's claims for declaratory relief pursuant to Chapter 1205. The order further granted Appellee's motion to modify and clarify the court's August 31, 2004 order of dismissal to explain that the August 31, 2004 order of dismissal applied only to Appellant's affirmative claims for relief but did not adjudicate any claim by Appellee, including the claim for attorney's fees under Texas Civil Practice and Remedies Code section 37.009 and the suit for declaratory relief under Chapter 1205. The trial court clarified that all claims filed pursuant to Chapter 37 were severed from the Chapter 1205 claims. The order also recites that the trial court's September 2, 2004 judgment on Appellant's claims for declaratory relief pursuant to Chapter 1205 finally disposed of all claims and parties in that action and became appealable.

After the severance was granted, the district clerk assigned a new cause number to the attorney's fees claim. Appellant filed a plea to the jurisdiction in the new cause number, asserting that the attorney's fees claim had been improperly severed and as a result, the trial court lacked subject matter jurisdiction over the attorney's fees claim. In its plea to the jurisdiction, Appellant argued that the trial court improperly severed the Chapter 37 attorney's fees claim because it is not a separate cause of action that could have been asserted independently by Appellee, separate and apart from the request for declaratory judgment under Chapter 37, which had been nonsuited before the severance was granted.

Appellee contended in its response that Appellant's argument misconstrued the effect of the severance order and explained that the effect of the severance order was not to sever the claim for attorney's fees under Chapter 37 from the request for declaratory judgment under Chapter 37. Appellee further explained that the case involved two separate causes of action that were severed; the trial court severed the Chapter 37 action from the Chapter 1205 action. After considering the briefs and arguments of the parties, the trial court entered an order denying Appellant's plea to the jurisdiction. As a result, Appellant filed this interlocutory appeal challenging the propriety of the denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2004–05) (allowing interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit).

## PLEA TO THE JURISDICTION

 Appellant interprets the severance order as severing the Chapter 37 claim for attorney's fees from the underlying request for declaratory judgment under Chapter 37. Under this interpretation, Appellant contends that the trial court lacked jurisdiction over the claim for attorney's fees under Chapter 37 because the attorney's fee claim is not a separate cause of action that could have been brought independently by Appellee. *See* TEX.R.APP. P. 41. A trial court properly exercises its discretion by severing claims when (1) the controversy involves more than one cause of action, (2) the severed claim is one that could be asserted independently in a separate lawsuit, and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996).

Appellant relies on *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 880 (Tex.App.-Austin 2002, no pet.), to support its position that a severance of a claim for declaratory relief under section 37.003 of the civil practice and remedies code from a claim for attorney's fees under section 37.009 is improper. While we agree with the reasoning in *Dalisa* that a severance of that nature is improper because the two claims are merely different phases of a single cause of action, *Dalisa* is not on point with the instant case. *See* 81 S.W.3d at 880. The severance order in the present case clearly severs all claims filed pursuant to Chapter 37, including Appellee's claim for attorney's fees under section 37.009, from the Chapter 1205 claim for declaratory relief. Additionally, the reporter's record from the hearing on Appellee's motion for entry of judgment reflects that the parties believed the severing of the Chapter 37 claim for attorney's fees from the Chapter 1205 action was proper.

■ The trial court did not lack jurisdiction over Appellee's Chapter 37 claim for attorney's fees. *See* Tex.R. Civ. P. 162. Any dismissal of Appellant's Chapter 37 claims pursuant Appellant's request for nonsuit does not prejudice the right of the adverse party to be heard on a pending claim for affirmative relief and has no effect on a request for attorney's fees pending at the time of dismissal. *Id.* A request for attorney's fees made in accordance with civil practice and remedies code section 37.009 is a claim for affirmative relief authorizing a party to be heard under the provisions of rule 162. *Falls County v. Perkins and Cullum*, 798 S.W.2d 868, 871 (Tex.App.-Fort Worth 1990, no writ). Therefore, although Appellant's claim for declaratory judgment under Chapter 37 was nonsuited prior to the severance order, Appellee's claim for attorney's fees was not affected by the dismissal, and the trial court did not lack jurisdiction to determine the Chapter 37 attorney's fees claims. We overrule Appellant's sole point.

## CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment.