COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-062-CV

 

 

ANNA GRAY NOE                                                                APPELLANT

 

                                                   V.

 

GORDON B. MCLENDON, JR., 

INDIVIDUALLY AND AS 

INDEPENDENT EXECUTOR OF THE 

ESTATE OF GORDON B. MCLENDON, SR. 

AND ANDERSON WALLACE                                                   APPELLEES

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                           I.
Introduction

Anna Gray
Noe appeals from an adverse judgment in favor of Gordon B. McLendon, Jr. and
Anderson Wallace.  In two issues, Noe
complains that the trial court erred in awarding appellees attorney=s fees and expenses.  We affirm.








                       II. Background Facts and Procedural History

Noe and McLendon are sister
and brother.  For many years, they were
adversaries in litigation pending in the Dallas County Probate Court.  In June 1996, Noe and McLendon entered into a
settlement agreement pursuant to which they exchanged mutual releases and
dismissed with prejudice  all pending
litigation.  Paragraph 16(d) of the
settlement agreement governed certain potential post-settlement
litigation.  Among other things,
paragraph 16(d) provided that Noe would not be liable for McLendon=s attorney=s fees in
the event he prevailed in such litigation, if Noe prosecuted her suit Ain good faith and upon probable cause.@ 

Eight years later, in July
2004, Noe sued McLendon, Wallace,[2]
and a company called Festina in the Dallas County Probate Court.  In September 2004, McLendon and Wallace
obtained a transfer of the suit to Denton County. 








In October 2004, Noe moved to
dismiss without prejudice all of her claims against McLendon and Wallace under
procedural rule 162.[3]  On October 27, 2004, the trial court signed
an order granting Noe=s motion to
dismiss. Meanwhile, McLendon counterclaimed against Noe for breach of the
settlement agreement, declaratory relief, and sanctions for filing a frivolous
pleading. Wallace also sought declaratory relief and monetary sanctions.  On January 6, 2005, Noe nonsuited her claims
against Festina.  On January 21, 2005,
the trial court held a hearing on appellees= motions for sanctions against Noe but did not make a ruling at that
time.  

In July and November 2005,
Noe repleaded her case against McLendon, alleging that he had breached section
16(d) of the settlement agreement.  Noe
did not assert any new claims against Wallace. 
The case was tried to the bench beginning on December 12, 2005.  After hearing all the evidence, the trial
court rendered a take-nothing judgment on all Noe=s claims against McLendon, granted McLendon judgment on all his claims
against Noe, awarded McLendon $511,179.77 in attorney=s fees and costs under sections 38.001 and 37.009 of the civil
practice and remedies code, and awarded Wallace $10,000 from Noe.  The trial court also awarded McLendon $75,000
in appellate attorney=s fees, conditioned
upon his prevailing at various stages of the appeal process.[4]  This appeal followed. 

                                    III. Award to McLendon








Noe does not challenge the
trial court=s
take-nothing judgment on her breach of contract claim, nor does she challenge
the judgment for McLendon on his breach of contract and declaratory judgment
claims against her.  Instead, in her
first issue, Noe complains that the trial court erred by awarding McLendon
attorney=s fees and expenses under section 16(d) of the settlement agreement
because Noe prosecuted her lawsuit in good faith and based on probable
cause.  But the trial court did not award
McLendon attorney=s fees and
costs under the settlement agreement; instead, the trial court=s judgment provides that the award is based on sections 38.001 and
37.009 of the Texas Civil Practice and Remedies Code.  Noe does not argue that the award is improper
under these statutes, nor does she suggest that the settlement agreement=s terms trump these statutes.








Section 37.009 provides that,
in a declaratory judgment proceeding, Athe court may award costs and reasonable and necessary attorney=s fees as are equitable and just.@[5]  In awarding attorney=s fees, the trial court considers factors such as the nature and complexity
of the case, the nature of the services provided by counsel, the time required
for trial, the amount of money involved, the client=s interest that is at stake, the responsibility imposed upon counsel,
and the skill and expertise required.[6]  Absent a clear abuse of discretion, we will
not reverse a trial court=s decision
to grant or deny attorney=s fees and
costs under section 37.009.[7]








In this case, the underlying
proceeding lasted eighteen months, involved ten pretrial hearings, and
culminated in a four-day bench trial.  In
the seventeen months between the time she filed suit and the date trial began,
Noe voluntarily dismissed her original tort claims against appellees and then
prosecuted a breach of contract claim against McLendon on which she did not
prevail.  She also obtained a six-month
continuance of the original trial date and unsuccessfully sought a second
continuance.  In addition, appellees
obtained a transfer of Noe=s suit from Dallas County to Denton County,[8]
counterclaimed for breach of contract, declaratory relief, and monetary
sanctions, and filed several motions to compel discovery from Noe, which the
trial court granted.[9]  The trial court also ordered Noe to amend her
petition to plead her claim with more particularity. 

Throughout the case, McLendon
was represented by Ophelia F. Camina of Susman Godfrey, L.L.P., located in
Dallas, Texas, and Richard H. Kelsey of Kelsey, Kelsey & Collister, located
in Denton, Texas.[10]  Both Camina and Kelsey testified at length
regarding their fees and expenses. 
Camina testified that she and two other attorneys[11]
from her law firm had performed the following work in connection with the case:
interviewed witnesses; conferred with McLendon, co-counsel, and opposing
counsel; prepared and amended McLendon=s pleadings; prepared and responded to discovery; attended eight live
hearings and two telephonic hearings; prepared numerous motions, including a
motion to transfer venue, three motions for summary judgment, a motion for
award of attorney=s fees,
various motions to compel, and a motion for recognition of Mexican law; and
attended three depositions taken in the court and three depositions taken
outside the court.








Camina further testified that
she had been required to spend extra time on the case than she would have
otherwise due to Noe=s strategy
of filing her suit in Dallas County rather than Denton County, her dismissal
and refiling of her claims against McLendon, her vague pleadings, her refusal
to respond to discovery, and her refusal to post a bond as agreed under the
settlement agreement.[12]








Camina testified that Susman
Godfrey=s fees and expenses through trial were $435,000[13]
and $10,800, respectively.  She listed
the hourly rates for herself and the other two attorneys[14]
and specified the number of hours that each had spent on the case.[15]  She opined that the fees incurred were
reasonable and necessary considering the time, labor, and skill required in the
case, the novelty and difficulty of the questions involved, the lawyers= experience, reputations, and abilities, and the fees customarily
charged for this type of work.

Kelsey testified that he had
worked extensively with Camina on the case pursuant to a joint-defense
agreement.  His testimony regarding the
types of work he had performed and the reasonableness of his fees was similar
to Camina=s.  Kelsey testified that his firm had accrued a
total of $62,400 in attorney=s fees and $1,300 in expenses through trial of the case, and he
submitted detailed billing records to support those amounts.[16]








Both Camina and Kelsey also
testified regarding the amount of attorney=s fees that they expected to accrue in the event of an appeal, given
the complexity of the issues involved and the matters they anticipated would
arise in post-trial briefing to the trial court and on appeal.  Camina opined that reasonable and necessary
additional fees incurred for post-trial briefing would be $20,000, fees for an
appeal to the court of appeals would be between $35,000 and $50,000, and
additional fees for an appeal to the supreme court would be $25,000.[17]  Kelsey agreed that these amounts were
reasonable given the nature of the case and opined that they would include
McLendon=s fees both individually and in his capacity as executor. 

Camina=s and Kelsey=s testimony
is uncontroverted; therefore, we may take it as true.[18]  Noe did not put on any witnesses, and her
cross-examination of Camina and Kelsey focused primarily on the amount of
attorney=s fees that had accrued by late October 2004, when Noe dismissed her
initial claims against appellees.

Having carefully considered
the evidence regarding attorney=s fees, we hold that the trial court=s award of attorney=s fees and expenses to McLendon under section 37.009 of the civil
practice and remedies code was not an abuse of discretion.[19]  Accordingly, we overrule Noe=s first issue.








                                     IV.  Award to Wallace

In her
second issue, Noe argues that the $10,000 award to Wallace is improper because
Wallace is not a party to the settlement agreement, Noe voluntarily dismissed
her claims against Wallace, and the trial court did not grant him any relief on
his declaratory judgment claim.  To be
entitled to attorney=s fees,
however, Wallace was not required to prevail on his declaratory judgment
claim.  A trial court may award attorney=s fees to a nonprevailing party in a declaratory judgment action as
long as the award is equitable and just.[20]  Further, a party=s voluntary dismissal of her claims under rule 162 does not prevent
the trial court from awarding attorney=s fees to the opposing party.[21]

In this case, the trial court
found that Noe=s lawsuit
against Wallace was Agroundless
and meritless.@  The trial court further found that Noe=s filing of her lawsuit in Dallas County Probate Court rather than in
Denton County was Ablatant
forum shopping@ for which
there was Ano . . .
valid basis.@  Noe does not challenge these findings.








Moreover, Wallace put on
evidence that he had incurred $10,166.26 in attorney=s fees and expenses in defending against Noe=s claims before she dismissed them. 
Wallace=s attorney,
Alison H. Moore of Thompson Coe, L.L.P. in Dallas, charged $175 per hour.  Wallace testified that Moore was Aa very efficient lawyer [who] did an awful lot of work in the case . .
. on a tight budget.@  Noe does not challenge the reasonableness of
Moore=s fees.  Accordingly, we hold
that the trial court did not abuse its discretion by awarding Wallace
$10,000.  We overrule Noe=s second issue.

                                           V. Conclusion

Having overruled both of Noe=s issues, we affirm the trial court=s judgment.    

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:  CAYCE, C.J.; DAUPHINOT and WALKER,
JJ.

 

DELIVERED:  July 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]Wallace
was McLendon=s
attorney in the presettlement litigation.





[3]See Tex. R. Civ. P. 162.





[4]See
J.C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 290 (Tex.
App.CSan
Antonio 2000, pet. denied) (holding that an award of appellate attorney=s
fees must be conditioned on the receiving party=s
success).





[5]Tex. Civ. Prac. & Rem. Code Ann. '
37.009 (Vernon 1997).





[6]Ragsdale
v. Progressive Voters League, 801 S.W.2d 880, 881 (Tex.
1990).





[7]Comm=rs
Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex.
1997).





[8]Noe
does not challenge that ruling.





[9]The
trial court also denied Wallace=s attempt to quash discovery
from Noe.





[10]Noe
sued McLendon individually and in his capacity as executor of their father=s
probate estate.  Camina served as lead
counsel and represented McLendon individually; Kelsey represented McLendon in
his capacity as executor.





[11]Kenneth
Gardner and Jason P. Fulton.





[12]Noe
did not file the bond until a few weeks before trial.





[13]She
testified that her firm=s
fees as of the end of November 2005 were $410,000 and that there would be at
least $25,000 in additional fees for the month of December.  The four-day trial occurred in December.





[14]Camina
testified that her hourly rate had been $450 when the case began and had
increased to $500 per hour in January 2005. 
She testified that Gardner=s hourly rate had increased
from $300 to $350 in January 2005 and that Fulton=s
rate was $250 per hour.





[15]She
testified that, as of the end of November 2005, she had spent 725 hours on the
case, Gardner had spent 104 hours, and Fulton had spent 74 hours.





[16]Kelsey=s
hourly rate was $300 per hour, and he testified that he had spent approximately
210 hours on the case, which constituted A99 and a half percent@ of
the work that his firm had performed.  He
testified that his partner, John Kelsey, whose rate was $210 per hour, had a
one-time entry of .10 hour.  





[17]The
trial court awarded $20,000 for post-trial matters, $35,000 for an appeal to
the court of appeals, and $20,000 for an appeal to the supreme court.





[18]See
Ragsdale, 801 S.W.2d at 882 (holding that uncontroverted
testimony regarding attorney=s fees may be taken as true
where the opposing party had the means and opportunity to disprove the
testimony but failed to do so).





[19]See
Agan, 940 S.W.2d at 81.  In light of
this holding, we need not consider whether the award was also proper under
section 38.001.  See Tex. R. App. P. 47.1.





[20]Heinrich, 32
S.W.3d at 290.





[21]Town
of Flower Mound v. Upper Trinity Reg=l Water Dist., 178
S.W.3d 841, 844 (Tex. App.CFort Worth 2005, no pet.); Falls
County v. Perkins & Cullum, 798 S.W.2d 868, 871-72 (Tex. App.CFort
Worth 1990, no writ).