COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-062-CV

ANNA GRAY NOE APPELLANT

V.

GORDON B. MCLENDON, JR., 

INDIVIDUALLY AND AS 

INDEPENDENT EXECUTOR OF THE 

ESTATE OF GORDON B. MCLENDON, SR. 

AND ANDERSON WALLACE APPELLEES

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Anna Gray Noe appeals from an adverse judgment in favor of Gordon B. McLendon, Jr. and Anderson Wallace.  In two issues, Noe complains that the trial court erred in awarding appellees attorney’s fees and expenses.  We affirm.

II. Background Facts and Procedural History

Noe and McLendon are sister and brother.  For many years, they were adversaries in litigation pending in the Dallas County Probate Court.  In June 1996, Noe and McLendon entered into a settlement agreement pursuant to which they exchanged mutual releases and dismissed with prejudice  all pending litigation.  Paragraph 16(d) of the settlement agreement governed certain potential post-settlement litigation.  Among other things, paragraph 16(d) provided that Noe would not be liable for McLendon’s attorney’s fees in the event he prevailed in such litigation, if Noe prosecuted her suit “in good faith and upon probable cause.” 

Eight years later, in July 2004, Noe sued McLendon, Wallace,
(footnote: 2) and a company called Festina in the Dallas County Probate Court.  In September 2004, McLendon and Wallace obtained a transfer of the suit to Denton County. 

In October 2004, Noe moved to dismiss without prejudice all of her claims against McLendon and Wallace under procedural rule 162.
(footnote: 3)  On October 27, 2004, the trial court signed an order granting Noe’s motion to dismiss. Meanwhile, McLendon counterclaimed against Noe for breach of the settlement agreement, declaratory relief, and sanctions for filing a frivolous pleading. Wallace also sought declaratory relief and monetary sanctions.  On January 6, 2005, Noe nonsuited her claims against Festina.  On January 21, 2005, the trial court held a hearing on appellees’ motions for sanctions against Noe but did not make a ruling at that time.  

In July and November 2005, Noe repleaded her case against McLendon, alleging that he had breached section 16(d) of the settlement agreement.  Noe did not assert any new claims against Wallace.  The case was tried to the bench beginning on December 12, 2005.  After hearing all the evidence, the trial court rendered a take-nothing judgment on all Noe’s claims against McLendon, granted McLendon judgment on all his claims against Noe, awarded McLendon $511,179.77 in attorney’s fees and costs under sections 38.001 and 37.009 of the civil practice and remedies code, and awarded Wallace $10,000 from Noe.  The trial court also awarded McLendon $75,000 in appellate attorney’s fees, conditioned upon his prevailing at various stages of the appeal process.
(footnote: 4)  This appeal followed. 

III. Award to McLendon

Noe does not challenge the trial court’s take-nothing judgment on her breach of contract claim, nor does she challenge the judgment for McLendon on his breach of contract and declaratory judgment claims against her.  Instead, in her first issue, Noe complains that the trial court erred by awarding McLendon attorney’s fees and expenses under section 16(d) of the settlement agreement because Noe prosecuted her lawsuit in good faith and based on probable cause.  But the trial court did not award McLendon attorney’s fees and costs under the settlement agreement; instead, the trial court’s judgment provides that the award is based on sections 38.001 and 37.009 of the Texas Civil Practice and Remedies Code.  Noe does not argue that the award is improper under these statutes, nor does she suggest that the settlement agreement’s terms trump these statutes.

Section 37.009 provides that, in a declaratory judgment proceeding, “the court may award costs and reasonable and necessary attorney’s fees as are equitable and just.”
(footnote: 5)  In awarding attorney’s fees, the trial court considers factors such as the nature and complexity of the case, the nature of the services provided by counsel, the time required for trial, the amount of money involved, the client’s interest that is at stake, the responsibility imposed upon counsel, and the skill and expertise required.
(footnote: 6)  Absent a clear abuse of discretion, we will not reverse a trial court’s decision to grant or deny attorney’s fees and costs under section 37.009.
(footnote: 7)
 In this case, the underlying proceeding lasted eighteen months, involved ten pretrial hearings, and culminated in a four-day bench trial.  In the seventeen months between the time she filed suit and the date trial began, Noe voluntarily dismissed her original tort claims against appellees and then prosecuted a breach of contract claim against McLendon on which she did not prevail.  She also obtained a six-month continuance of the original trial date and unsuccessfully sought a second continuance.  In addition, appellees obtained a transfer of Noe’s suit from Dallas County to Denton County,
(footnote: 8) counterclaimed for breach of contract, declaratory relief, and monetary sanctions, and filed several motions to compel discovery from Noe, which the trial court granted.
(footnote: 9)  The trial court also ordered Noe to amend her petition to plead her claim with more particularity. 

Throughout the case, McLendon was represented by Ophelia F. Camina of Susman Godfrey, L.L.P., located in Dallas, Texas, and Richard H. Kelsey of Kelsey, Kelsey & Collister, located in Denton, Texas.
(footnote: 10)  Both Camina and Kelsey testified at length regarding their fees and expenses.  Camina testified that she and two other attorneys
(footnote: 11) from her law firm had performed the following work in connection with the case: interviewed witnesses; conferred with McLendon, co-counsel, and opposing counsel; prepared and amended McLendon’s pleadings; prepared and responded to discovery; attended eight live hearings and two telephonic hearings; prepared numerous motions, including a motion to transfer venue, three motions for summary judgment, a motion for award of attorney’s fees, various motions to compel, and a motion for recognition of Mexican law; and attended three depositions taken in the court and three depositions taken outside the court.

Camina further testified that she had been required to spend extra time on the case than she would have otherwise due to Noe’s strategy of filing her suit in Dallas County rather than Denton County, her dismissal and refiling of her claims against McLendon, her vague pleadings, her refusal to respond to discovery, and her refusal to post a bond as agreed under the settlement agreement.
(footnote: 12)
 Camina testified that Susman Godfrey’s fees and expenses through trial were $435,000
(footnote: 13) and $10,800, respectively.  She listed the hourly rates for herself and the other two attorneys
(footnote: 14) and specified the number of hours that each had spent on the case.
(footnote: 15)  She opined that the fees incurred were reasonable and necessary considering the time, labor, and skill required in the case, the novelty and difficulty of the questions involved, the lawyers’ experience, reputations, and abilities, and the fees customarily charged for this type of work.

Kelsey testified that he had worked extensively with Camina on the case pursuant to a joint-defense agreement.  His testimony regarding the types of work he had performed and the reasonableness of his fees was similar to Camina’s.  Kelsey testified that his firm had accrued a total of $62,400 in attorney’s fees and $1,300 in expenses through trial of the case, and he submitted detailed billing records to support those amounts.
(footnote: 16)
 Both Camina and Kelsey also testified regarding the amount of attorney’s fees that they expected to accrue in the event of an appeal, given the complexity of the issues involved and the matters they anticipated would arise in post-trial briefing to the trial court and on appeal.  Camina opined that reasonable and necessary additional fees incurred for post-trial briefing would be $20,000, fees for an appeal to the court of appeals would be between $35,000 and $50,000, and additional fees for an appeal to the supreme court would be $25,000.
(footnote: 17)  Kelsey agreed that these amounts were reasonable given the nature of the case and opined that they would include McLendon’s fees both individually and in his capacity as executor. 

Camina’s and Kelsey’s testimony is uncontroverted; therefore, we may take it as true.
(footnote: 18)  Noe did not put on any witnesses, and her cross-examination of Camina and Kelsey focused primarily on the amount of attorney’s fees that had accrued by late October 2004, when Noe dismissed her initial claims against appellees.

Having carefully considered the evidence regarding attorney’s fees, we hold that the trial court’s award of attorney’s fees and expenses to McLendon under section 37.009 of the civil practice and remedies code was not an abuse of discretion.
(footnote: 19)  Accordingly, we overrule Noe’s first issue.

IV.  Award to Wallace

In her second issue, Noe argues that the $10,000 award to Wallace is improper because Wallace is not a party to the settlement agreement, Noe voluntarily dismissed her claims against Wallace, and the trial court did not grant him any relief on his declaratory judgment claim.  To be entitled to attorney’s fees, however, Wallace was not required to prevail on his declaratory judgment claim.  A trial court may award attorney’s fees to a nonprevailing party in a declaratory judgment action as long as the award is equitable and just.
(footnote: 20)  Further, a party’s voluntary dismissal of her claims under rule 162 does not prevent the trial court from awarding attorney’s fees to the opposing party.
(footnote: 21)
 In this case, the trial court found that Noe’s lawsuit against Wallace was “groundless and meritless.”  The trial court further found that Noe’s filing of her lawsuit in Dallas County Probate Court rather than in Denton County was “blatant forum shopping” for which there was “no . . . valid basis.”  Noe does not challenge these findings.

Moreover, Wallace put on evidence that he had incurred $10,166.26 in attorney’s fees and expenses in defending against Noe’s claims before she dismissed them.  Wallace’s attorney, Alison H. Moore of Thompson Coe, L.L.P. in Dallas, charged $175 per hour.  Wallace testified that Moore was “a very efficient lawyer [who] did an awful lot of work in the case . . . on a tight budget.”  Noe does not challenge the reasonableness of Moore’s fees.  Accordingly, we hold that the trial court did not abuse its discretion by awarding Wallace $10,000.  We overrule Noe’s second issue.

V. Conclusion

Having overruled both of Noe’s issues, we affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  July 19, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Wallace was McLendon’s attorney in the presettlement litigation.

3:
See
 
Tex. R. Civ. P.
 162.

4:
See J.C. Penney Life Ins. Co. v. Heinrich,
 32 S.W.3d 280, 290 (Tex. App.—San Antonio 2000, pet. denied) (holding that an award of appellate attorney’s fees must be conditioned on the receiving party’s success).

5:
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.009 (Vernon 1997).

6:
Ragsdale v. Progressive Voters League,
 801 S.W.2d 880, 881 (Tex. 1990).

7:
Comm’rs Court of Titus County v. Agan,
 940 S.W.2d 77, 81 (Tex. 1997).

8:
Noe does not challenge that ruling.

9:
The trial court also denied Wallace’s attempt to quash discovery from Noe.

10:
Noe sued McLendon individually and in his capacity as executor of their father’s probate estate.  Camina served as lead counsel and represented McLendon individually; Kelsey represented McLendon in his capacity as executor.

11:
Kenneth Gardner and Jason P. Fulton.

12:
Noe did not file the bond until a few weeks before trial.

13:
She testified that her firm’s fees as of the end of November 2005 were $410,000 and that there would be at least $25,000 in additional fees for the month of December.  The four-day trial occurred in December.

14:
Camina testified that her hourly rate had been $450 when the case began and had increased to $500 per hour in January 2005.  She testified that Gardner’s hourly rate had increased from $300 to $350 in January 2005 and that Fulton’s rate was $250 per hour.

15:
She testified that, as of the end of November 2005, she had spent 725 hours on the case, Gardner had spent 104 hours, and Fulton had spent 74 hours.

16:
Kelsey’s hourly rate was $300 per hour, and he testified that he had spent approximately 210 hours on the case, which constituted “99 and a half percent” of the work that his firm had performed.  He testified that his partner, John Kelsey, whose rate was $210 per hour, had a one-time entry of .10 hour.  

17:
The trial court awarded $20,000 for post-trial matters, $35,000 for an appeal to the court of appeals, and $20,000 for an appeal to the supreme court.

18:
See Ragsdale,
 801 S.W.2d at 882 (holding that uncontroverted testimony regarding attorney’s fees may be taken as true where the opposing party had the means and opportunity to disprove the testimony but failed to do so).

19:
See Agan,
 940 S.W.2d at 81.  In light of this holding, we need not consider whether the award was also proper under section 38.001.  
See
 
Tex. R. App. P.
 47.1.

20:
Heinrich,
 32 S.W.3d at 290.

21:
Town of Flower Mound v. Upper Trinity Reg’l Water Dist.,
 178 S.W.3d 841, 844 (Tex. App.—Fort Worth 2005, no pet.); 
Falls County v. Perkins & Cullum,
 798 S.W.2d 868, 871-72 (Tex. App.—Fort Worth 1990, no writ).