# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00142-CV

---

**Andrew Toscano, Appellant**

**v.**

**Kimberly D. Brown and Douglas Welch, Appellees**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2016-1830D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Andrew Toscano, in his capacity as the independent executor of the Estate of Gene Toscano (The Estate), appeals from an order granting summary judgment in favor of Kimberly D. Brown and Douglas Welch in a dispute over an easement. We will affirm in part and reverse and render in part.

## BACKGROUND

In 2016, Gene Toscano sued Barbara Welch, seeking declaratory and injunctive relief to prohibit Welch from blocking his access to an easement on her property (the Access Easement), which he wished to use to access a 10.77-acre landlocked tract he purchased in 2007 at a foreclosure sale. While the suit was pending, Toscano and Welch both passed away.[1]

---

[1] Originally, this appeal was styled *Estate of Gene Toscano v. Barbara Welch, Kimberly D. Brown, and Douglas Welch*. As Barbara Welch is no longer a party, we have reformed the

Toscano's Estate, through its executor, filed an amended petition in 2023 adding Barbara Welch's children, Kimberly Brown (Brown) and Douglas Welch (Welch), as defendants.[2] In addition to seeking declaratory and injunctive relief based on either an express or implied right to use the access easement, the amended petition asserted a claim for private nuisance based on Brown's and Welch's alleged interference with Toscano's and his heirs' use of the Access Easement, which is kept blocked by a locked gate preventing access to the easement from the public road. Brown and Welch each filed answers generally denying the Estate's claims. In May 2024, the Estate moved for summary judgment, which was denied. Brown and Welch subsequently amended their answers to include a claim for attorney's fees under section 37.009 of the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code § 37.009.

On October 2, 2024, Brown and Welch filed a motion for summary judgment, attaching property deeds showing that the Estate's assertions that it had an express or implied right to the Access Easement were incorrect. In their motion, Brown and Welch also sought attorney's fees under the UDJA and attached an affidavit on attorney's fees along with itemized bills and biographical information for their attorneys. Regarding attorney's fees, the motion stated:

> As attorneys for BROWN and WELCH have continually tried to relay, TOSCANO's claim is conclusively negated by a simple review of the real property records. Had TOSCANO, an attorney in his own right, or his counsel

---

style to remove her name and to reflect that Andrew Toscano, in his capacity as the independent executor of the estate of Gene Toscano, is the appellant.

[2] Brown currently owns the Access Easement and an adjacent tract of land that benefits from the Access Easement. Brown and Welch jointly own another tract of land that is adjacent to and benefits from the Access Easement.

conducted the appropriate review of the property records, TOSCANO and his counsel would have realized the frivolous nature of TOSCANO's claims. Accordingly, the trial court should award BROWN and WELCH attorney's fees and costs in the amount of $30,047.08 which BROWN AND WELCH incurred in defending against TOSCANO's claims.

The motion was set for a hearing on November 12, 2024. On November 1, the Estate nonsuited all of its claims without prejudice. Brown and Welch set the nonsuit for a hearing on the same day as their motion for summary judgment. The Estate sent a letter to the trial court on November 6 opining that the nonsuit deprived the trial court of jurisdiction to hold a hearing on anything, including Brown and Welch's request for attorney's fees, and informing the court that "there exists no procedural or jurisdictional vehicle under which to proceed to hearing. Therefore, Plaintiff will not appear on November 12, 2024." In response to the Estate's letter, Brown and Welch sent a letter arguing that, notwithstanding the Estate's nonsuit, the trial court was authorized to award attorney's fees under the UDJA and also under the Texas Supreme Court's precedent in *Epps v. Fowler*, 351 S.W.3d 862, 870 (Tex. 2011). Consistent with the statement in the Estate's letter, no one appeared on the Estate's behalf at the November 12 hearing. A few weeks after the hearing, the trial court entered an order granting summary judgment in favor of Brown and Welch, thereby affirming that the evidence conclusively negated the Estate's claim for a declaratory judgment that Toscano's heirs were entitled to use of the Access Easement. In the same order, the trial court also awarded Brown and Welch attorney's fees and costs and stated its finding "that, rather than filing any response to the motion, Plaintiff nonsuited [its] claims to avoid an unfavorable ruling on the merits."[3]

---

[3] The Estate acknowledged in its brief that "Appellant after having [its] summary judgment denied, and reviewing the evidence provided by Appellees in support of

3

## ANALYSIS

The Estate appeals, asserting that the order granting summary judgment is void or voidable in its entirety because the nonsuit deprived the trial court of jurisdiction to enter any order and that Brown and Welch failed to assert a claim for affirmative relief that would survive the nonsuit. The Estate further argues that the holding in *Epps* that "a defendant may be a prevailing party" and therefore may recover attorney's fees "when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits" is inapplicable. *See* 351 S.W.3d at 870. Brown and Welch, in addition to addressing the Estate's arguments, assert in their brief that they are entitled to sanctions under Texas Rule of Appellate Procedure 45.

In reviewing the Estate's contention regarding the effect of its nonsuit, we are mindful that:

> In Texas, plaintiffs may nonsuit at any time before introducing all of their evidence other than rebuttal evidence. Tex. R. Civ. P. 162. No court order is required. *Id.*; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A nonsuit terminates a case "from 'the moment the motion is filed.'" *Joachim*, 315 S.W.3d at 862 (quoting *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)). At the same time, a nonsuit does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions. *Id.* at 863; Tex. R. Civ. P. 162.

*Epps*, 351 S.W.3d at 868. Because the nonsuit terminated the Estate's case from the moment it was filed, the trial court could not properly address the merits of the Estate's claims, including ruling on Brown and Welch's defensive motion for summary judgment. Those issues immediately became moot. *See University of Tex. Med. Branch at Galveston v. Estate of*

---

[their] summary judgments decided to take a nonsuit without prejudice to avoid a merits-based decision."

4

*Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) ("Although the Rule permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot.").

However, a nonsuit does not preclude a trial court from considering claims for attorney's fees under the UDJA. "[T]he trial court need not immediately dismiss the suit when notice of nonsuit is filed." *Estate of Blackmon*, 195 S.W.3d at 100. "Rule 162 permits the trial court to hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power." *Id.* at 101. "Thus, the trial court has discretion to defer signing an order of dismissal so that it can "allow a reasonable amount of time" for holding hearings on these matters which are "collateral to the merits of the underlying case." *Id.* (quoting *In re Bennett*, 960 S.W.2d 35, 38–39 (Tex.1997) (orig. proceeding)).

The Estate argues that Brown and Welch cannot recover attorney's fees because they did not file pleadings requesting affirmative relief but made only a "passing reference" to attorney's fees under UDJA section 37.009. In their two-page amended answers, Brown and Welch each included a section on the first page entitled "Request for Attorney's Fees," under which each asserted that they are "entitled to recover attorney's fees under section 37.009 of the Texas Civil Practice and Remedies Code." They expanded on this argument in their summary-judgment motion. The Estate further argues that Brown and Welch could not "assert a counterclaim for declaratory relief and attorney's fees based on the mere denials of the opposing party's cause of action." But Brown and Welch have not asserted a counterclaim for declaratory relief; they requested attorney's fees based on the Estate's UDJA claim against them. The UDJA provides: "In any proceeding under this chapter, the court may award costs and reasonable and

5

necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. Thus, under section 37.009, a trial court has discretion to award attorney's fees to any party when a declaratory judgment is sought. *See Severs v. Mira Vista Homeowners Ass'n*, 559 S.W.3d 684, 712 (Tex. App.—Fort Worth 2018, pet. denied). A claim for attorney's fees under the UDJA constitutes a claim for affirmative relief sufficient to survive a nonsuit. *Bailey v. Smith*, 581 S.W.3d 374, 396 (Tex. App.—Austin 2019, pet. denied); *Town of Flower Mound v. Upper Trinity Reg'l Water Dist.*, 178 S.W.3d 841, 844 (Tex. App.—Fort Worth 2005, no pet.) ("A request for attorney's fees made in accordance with civil practice and remedies code section 37.009 is a claim for affirmative relief authorizing a party to be heard under the provisions of rule 162."); *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504, 514 (Tex. App.—Dallas 1989, writ denied). Accordingly, we conclude that the trial court did not err in considering and ruling on Brown and Welch's claim for attorney's fees. We sustain the Estate's issue to the extent that the trial court's summary-judgment order ruled on the merits of the Estate's nonsuited claims but overrule it as to the attorney's fees issue. Having determined that the trial court did not err in addressing the claim for attorney's fees based on the provisions of the UDJA, we need not reach the parties' arguments regarding *Epps*.

We next turn to Brown and Welch's request for sanctions on appeal based on (1) the Estate's motions to dismiss this appeal for lack of jurisdiction and to extend the time for filing its appellate brief, which Brown and Welch assert were made for purposes of delay and at a time when the Estate knew the basis of its suit was incorrect and (2) the Estate's failure to review and understand property records available to it and which demonstrated conclusively that the Estate at no time had any right to the Access Easement. An appellate court may award sanctions if it "determines that an appeal is frivolous." Tex. R. App. P. 45. "To determine

whether an appeal is frivolous, we apply an objective test." *Hunt v. CIT Grp./Consumer Fin., Inc.*, No. 03-09-00046-CV, 2010 WL 1508082, at *8 (Tex. App.—Austin Apr. 15, 2010, pet. denied) (mem. op.) (citing *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). We review the record from the Estate's viewpoint and decide whether it had reasonable grounds to believe the judgment could be reversed. *See id.* In this case, where the judgment complained of was partially reversed, we cannot conclude that the Estate lacked reasonable grounds to believe the judgment could be reversed. We must therefore deny the motion for sanctions.

## CONCLUSION

For the foregoing reasons, we affirm the portion of the trial court's order awarding attorney's fees to Brown and Welch. We reverse the remainder of the trial court's order and render judgment that the Estate's claims are dismissed without prejudice.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed in Part; Reversed and Rendered in Part

Filed: September 19, 2025

7